**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------------X   Case No.
JENNIFER TORRES,

                         Plaintiff,                      **COMPLAINT**

                 -against-                 **PLAINTIFF DEMANDS**
                                                 **A TRIAL BY JURY**

PLAZA HEALTHCARE & REHABILITATION
CENTER, LLC, and ZEV GLUCK, *Individually*,

                         Defendants.
-----------------------------------------------------------------X

Plaintiff, JENNIFER TORRES, by her attorneys, THE LAW OFFICE OF YURIY

MOSHES, P.C., hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

    U.S.C. §§2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

    1991, Pub. L. No. 102-166 ("Title VII"), and the New Jersey Law Against

    Discrimination, N.J.S.A. 10:5-12 *et seq*. ("NJLAD")*,* and seeks damages to redress the

    injuries she has suffered as a result of being **Discriminated against** and **Terminated** by

    her employer solely due to her **Pregnancy and Gender** and terminated her employment

    solely **in retaliation for requesting an accommodation for her pregnancy**.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C.

    §§1331 and 1343.

3.    This Court has supplemental jurisdiction over the claims of Plaintiff brought under state

law pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon Defendants'

principal place of business within the District of New Jersey.

## PROCEDURAL PREREQUISITES

5.      Plaintiff filed charges of discrimination upon which this Complaint is based with the

Equal Employment Opportunities Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC, dated August 5, 2016, with

respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.      This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.      That at all times relevant hereto, Plaintiff JENNIFER TORRES ("TORRES") was a

resident of the State of New Jersey and the County of Union.

9.      That at all times relevant hereto, PLAZA HEALTHCARE & REHABILITATION

CENTER, LLC ("PLAZA HEALTHCARE") was a domestic limited liability company,

duly existing pursuant to, and by virtue of, the laws of the State of New Jersey, with its

principal place of business located at 456 Rahway Avenue, Elizabeth, NJ 07202.

10.     That at all times relevant hereto, Plaintiff TORRES was an employee of Defendant

PLAZA HEALTHCARE.

11.     That at all times relevant hereto, Defendant ZEV GLUCK ("GLUCK") was an employee

of Defendant PLAZA HEALTHCARE, holding the position of "Head Administrator."

12.     That at all times relevant hereto, Defendant GLUCK was Plaintiff TORRES's supervisor

and had supervisory authority over Plaintiff TORRES.

13.   That at all times relevant hereto, Defendant PLAZA HEALTHCARE and Defendant

GLUCK are collectively referred to herein as "Defendants."

**<u>MATERIAL FACTS</u>**

14.   On or about February 13, 2012, Plaintiff TORRES began working for Defendants as a

"Medical Records and Central Supply Clerk."

15.   Throughout her tenure with Defendants, Plaintiff TORRES was an exemplary employee,

always received compliments for her work performance, and got along well with all of

her co-workers.

16.   **<u>However, on or about early November 2015, everything changed when Plaintiff</u>**

**<u>TORRES informed Defendants that she was pregnant.</u>** Specifically, in or about early

November 2015, upon finding out that she was pregnant, Plaintiff TORRES immediately

informed her direct supervisor, Parul Patel, that she was pregnant. In response, Mrs. Patel

congratulated Plaintiff.

17.   In or about late November 2015, just days before the Thanksgiving holiday, Plaintiff

TORRES began to feel cramps and pain around her stomach area.  She immediately

notified her supervisor, Mrs. Patel, and advised that due to her pregnancy, she could not

lift heavy boxes.

18.   As part of her job duties, Plaintiff TORRES was required to stock certain supplies, which

included numerous boxes of bottles of shampoo and perineal wash ("peri-wash")

weighing approximately twenty (20) pounds.  Mrs. Patel advised Plaintiff to ask her male

co-workers to assist her in lifting the shampoo and peri-wash boxes.

19.   Thereafter, in or about mid-December 2015, Defendants' head of Housekeeping,

Madlenne Lalush, instructed Plaintiff TORRES to put away multiples boxes containing

diapers that weigh in excess of twenty (20) pounds. Plaintiff TORRES was instructed to do this while Defendants' cleaner, Richard, was out on vacation.

20.    In response, Plaintiff TORRES advised Ms. Lalush that due to her pregnancy, she was not able to lift heavy boxes and that she would need assistance.

21.    On or about December 30, 2015, Defendant GLUCK met with Plaintiff TORRES and instructed her that effective immediately, her job description will include putting away multiple boxes of diapers. Plaintiff TORRES advised Defendant GLUCK that due to pain and cramping in connection with her pregnancy, she was not able to lift heavy boxes, and that she had already informed her supervisor, Mrs. Patel, of same.  In response, Defendant GLUCK told Plaintiff that **"there is no disability for pregnancy"** and **"you can lift the boxes."**

22.    In fact, Defendant GLUCK actually told Plaintiff TORRES that, **"I don't believe it is heavy lifting.  If you can't do your duties, I don't know what to tell you.  We may not have a job for you if you can't do heavy lifting."**

23.    As such, Defendant GLUCK was admitting that Defendants were refusing to even consider providing Plaintiff with a reasonable accommodation for her pregnancy (no heavy lifting), in blatant violation of the law.

24.    Shocked and extremely distraught, Plaintiff TORRES informed Defendant GLUCK that she would provide a note from her doctor stating that she could not perform any heavy lifting.  Plaintiff told Defendant GLUCK that she had scheduled an appointment with her Gynecologist on January 5, 2016 and will provide a doctor's note on that date.

25.    The following day, on or about December 31, 2015, Plaintiff TORRES was not feeling well due to her pregnancy and asked Mrs. Patel if she could leave work early.  Mrs. Patel

told Plaintiff to go home and not to worry about moving the boxes of shampoo, peri-wash, and diapers, stating that **"the guys will take care of it."**

26.    However, on or about January 1, 2016, during her day off, Defendant GLUCK called Plaintiff TORRES and informed her that she was suspended for three (3) days for failing to move the diaper boxes the previous day.  Plaintiff TORRES told Defendant GLUCK that she had to leave work early and that Mrs. Patel told her not to worry about the diaper boxes – that the male employees would move them.

27.    Defendant GLUCK did not want to hear Plaintiff's explanation and advised her to call him on Wednesday, January 6, 2016.

28.    On or about January 5, 2016, Plaintiff TORRES visited her Gynecologist, Dr. J. M. Arrunategui who provided Plaintiff with a note stating that **"Jennifer Torres is 12 weeks pregnant. She is not allowed to lift more than 10 lbs."**

29.    Before Plaintiff TORRES could provide Defendants with her doctor's note, on or about January 6, 2016, Defendant GLUCK called Plaintiff and informed her that she was being terminated for not moving the boxes containing diapers and for falling behind on closing patient charts.

30.    However, these reasons for termination were clearly **pretextual** because Defendants knew that due to her pregnancy, Plaintiff TORRES could not move or lift the numerous boxes containing diapers, shampoo and peri-wash.  Moreover, on numerous occasions in November and December 2015, Plaintiff requested that Defendants provide her with assistance in closing patient charts, which Defendants wholly ignored.

31.    Plaintiff TORRES attempted to explain to Defendant GLUCK that she did not want to lose her job and that all she needed was assistance in moving the boxes of diapers,

shampoo and peri-wash.   Regrettably, Plaintiff's pleas fell on deaf ears.   Defendant GLUCK refused to listen to Plaintiff TORRES.

32. **Thus, on or about January 6, 2016, Defendants suddenly terminated Plaintiff TORRES's employment solely in retaliation for requesting a reasonable accommodation for her pregnancy.**

33. In fact, only seven (7) days after Plaintiff TORRES advised Defendant GLUCK that she could not move or lift heavy boxes due to her pregnancy, Defendant GLUCK suddenly terminated Plaintiff TORRES's employment.

34. **It is clear that Defendants discriminated against, and terminated Plaintiff TORRES's employment due to her gender and pregnancy, and for requesting an accommodation for her pregnancy.**

35. Defendants obviously did not like the fact that Plaintiff TORRES was pregnant, and thus decided to assign her tasks they knew she could not perform (move and lift heavy boxes), which ultimately set Plaintiff up for failure.

36. Plaintiff TORRES felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.

37. **But for the fact that Plaintiff TORRES was pregnant, Defendants would not have treated her differently and would not have terminated her employment.**

38. **But for the fact that Plaintiff TORRES requested a small accommodation due to her pregnancy, Defendants would not have terminated her employment.**

39. Plaintiff's performance was, upon information and belief, above average during the course of her employment with Defendants.

40. **Defendants' actions and conduct were intentional and intended to harm Plaintiff**

**TORRES**.

41.     As a result of the Defendants' discriminatory and retaliatory treatment of Plaintiff TORRES, she has suffered severe emotional distress and physical ailments.

42.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.   Plaintiff further experienced severe emotional and physical distress.

43.     As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

44.     Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.   As such, Plaintiff demands Punitive Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

45.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.   Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy and gender.

47.  Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her pregnancy and gender.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendant)

48.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

50.  Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW JERSEY LAW AGAINST DISCRIMINATION

51.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52.  New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful

discrimination: a) For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

53.   Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff due to her pregnancy and gender.

54.   As such, Plaintiff has been damaged as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## FOR UNLAWFUL RETALIATION UNDER
## NEW JERSEY LAW AGAINST DISCRIMINATION

55.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56.   New Jersey's Law against Discrimination Section 10:5-12(d) declares it to be unlawful retaliation: "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any

right granted or protected by this act." <u>N.J.S.A. 10:5-12(d)</u>.

57.   Defendants engaged in an unlawful retaliatory practice by retaliating against Plaintiff for requesting an accommodation for her pregnancy.

58.   As such, Plaintiff has been damaged as set forth herein.

**AS A FIFTH CAUSE OF ACTION
FOR AIDING & ABETTING UNDER
<u>NEW JERSEY LAW AGAINST DISCRIMINATION</u>**

59.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60.   New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:  e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

61.   Defendants violated the aforementioned applicable section by aiding and abetting the unlawful discrimination and retaliation.

62.   As such, Plaintiff has been damaged as set forth herein.

**<u>JURY DEMAND</u>**

63.   Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by <u>Title VII</u>

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 *et seq.*, in that Defendants discriminated against Plaintiff on the basis of her pregnancy and gender, and retaliated against Plaintiff for requesting an accommodation for her pregnancy;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Brooklyn, New York
        September 8, 2016

**LAW OFFICE OF
YURIY MOSHES, P.C.**

By:      ___/s/ Alex Umansky_____
         Alex Umansky, Esq.
         *Attorneys for Plaintiff*
         517 Brighton Beach Ave, 2nd FL
         Brooklyn, New York 11235
         (718) 504-6090
         aumansky@mosheslaw.com

         ** New Jersey Office
         111 Northfield Avenue, Suite 208A
         West Orange, NJ 07052

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jennifer Torres<br>839 Mccandless Pl<br>Linden, NJ 07036 | From: | Newark Area Office<br>283-299 Market Street<br>Two Gateway Center, Suite 1703<br>Newark, NJ 07102 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2016-13451 | Rayba Watson,<br>Enforcement Supervisor | (973) 645-6021 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

John Waldinger,
Area Office Director

AUG 0 5 2016
(Date Mailed)

cc:    Human Resource
Manager
PLAZA HEALTHCARE & REHAB CENTER
456 Rahway Avenue
Elizabeth, NJ 07202